HEARD NOVEMBER TERM, 1877.

## STATE *vs.* POPE.

A prisoner indicted for "maliciously, unlawfully and willfully setting fire to, burning and destroying, in the night time, stacks of hay and ricks of corn fodder " is not entitled to twenty peremptory challenges, as allowed by the 3d Section of the statute, (Rev. Stat., p. 747,) but only to five, as allowed by the same Section.

The offense of "maliciously, unlawfully and willfully setting fire to, burning and destroying, in the night time, stacks of hay and ricks of corn fodder," mentioned in Revised Statutes, p. 714, § 2, is not arson within the meaning of the statute.

BEFORE REED, J., AT AIKEN, SEPTEMBER TERM, 1877.

This was an indictment against F. Pope for " maliciously, unlawfully and willfully setting fire to, burning and destroying, in the

night time, stacks of hay and ricks of corn fodder." At the trial he demanded twenty peremptory challenges, but was allowed only five. He was convicted, and appealed on the ground of error in the refusal of the Court to allow him twenty peremptory challenges.

*Lee*, for appellant.

*Henderson*, contra.

March 1, 1878.   The opinion of the Court was delivered by

WILLARD, C. J.   The defendant was indicted and convicted for "maliciously, unlawfully and willfully setting fire to, burning and destroying, in the night time, stacks of hay and ricks of corn fodder." The only exception properly before the Court arises on the fact that the defendant on the trial demanded twenty peremptory challenges, which demand was refused. He was allowed and exercised the right of making five peremptory challenges.

Was he entitled to twenty ? The statute is as follows (Rev. Stat., 747, § 3,): "Any person who shall hereafter be arraigned for the crime of murder, manslaughter, burglary, arson or rape, or grand larceny, shall be entitled to all the incidents of an arraignment and to peremptory challenges, not exceeding twenty, and the State in such cases shall be entitled to peremptory challenges, not exceeding two, in the manner heretofore prescribed by law. And any person who shall be indicted for any crime or offense other than those above enumerated shall have the right to peremptory challenges of five, and the State in such cases shall be entitled to peremptory challenges not exceeding two."

The defendant contends that the crime for which he was indicted was arson, and consequently that he was entitled to twenty peremptory challenges under the terms of the statute.

Arson is defined by the Revised Statutes, and what shall be deemed arson is there declared.—Rev. Stat., 714, § 1.   It is not contended that the offense in the present case is within the terms of the Section last referred to defining the crime of arson, but that the offense set forth in the Section of the statute next succeeding that which in terms defines arson is also to be considered as arson.

The last mentioned Section is as follows: " Whoever shall, in the

night time, maliciously, unlawfully and willfully burn, or cause to be burned or destroyed, any ricks or stacks of corn, hay or grain, or kilns, shall, for every offense, be punished by hard labor in the Penitentiary for life, or for a period not less than ten years, according to the aggravation of the offense.—Rev. Stat., 714, § 2.

It is observable that while Section 1 in terms denominates the offenses described by it as arson, Section 2 omits such designation, thus giving rise to the inference that the offense made punishable by the last named Section was not to be regarded as arson. This inference becomes conclusive when the objects of the two Sections are compared. The crime of arson has relation to the habitation habitually or occasionally occupied as such, and the protection of life enters more or less into its consideration. Stacks of hay and other agricultural products are the subjects protected in the second Section.

These may be located so as to endanger by their burning buildings of the class contemplated by the Section defining arson, or they may stand apart from any building whatever, so that their destruction by fire would involve nothing beyond the loss of personal property. To extend the idea of arson to such a case would destroy its known legal character and leave it without any defined legal idea to support and explain it.

It is clear that the crime of which the defendant has been convicted is not arson in the sense of the Section allowing twenty peremptory challenges, and the exception must be overruled, together with the second exception, that depends upon the same construction.

The exceptions that the jury was not properly sworn are not supported by the record and must be overruled.

The appeal must be dismissed.

*McIver*, A. J., concurred.